# EXHIBIT A

| | |
|---|---|
| 1 | ILENE J. LASHINSKY (#003073)<br>United States Trustee |
| 2 | District of Arizona |
| 3 | RICHARD J. CUELLAR (#WI 01006631)<br>230 North First Avenue, Suite 204 |
| 4 | Phoenix, Arizona 85003-1706<br>602.682.2600 |
| 5 | |
| 6 | EDWARD J. MANEY, Esq. (#012256)<br>Chapter 13 trustee |
| 7 | P.O. Box 10434<br>Phoenix, AZ 85064<br>(602) 277-3776 Ext. 213 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:

LARRY E. SMITH and JOHNETTE E. SMITH

Debtors.

UNITED STATES TRUSTEE,
EDWARD J. MANEY, CHAPTER 13 TRUSTEE,

Plaintiffs,

v.

NASSER U. ABUJBARAH,

Defendant.

CHAPTER 11

Case No. 2-09-bk-21133-RTB

Adv. No. 2-10-ap-00988-RTB

**STIPULATION IN RESOLUTION OF COMPLAINT FOR SANCTIONS AGAINST NASSER U. ABUJBARAH**

The United States Trustee for the District of Arizona and Edward J. Maney, chapter 13 trustee, Plaintiffs and Nasser U. Abujbarah, Defendant, hereby stipulate and agree to the following:

1. The term "Abujbarah" refers to Nasser U. Abujbarah individually or through any employee, independent contractor or agent and any entity in which Abujbarah has a direct or indirect material interest including the Abujbarah Law Firm.

2. Based on the facts alleged in the Amended Complaint herein, Abujbarah acknowledges that he has engaged in conduct the continuation of which would result in substantial harm, loss or damage to the public, the legal profession and the administration of justice and, therefore, Abujbarah agrees to suspend and discontinue any and all involvement in the area of bankruptcy law practice for a period of two (2) years beginning on June 3, 2011, the date of the Order for Interim Suspension [the "Suspension Period"].

3. For purposes of this stipulation, the term "any and all involvement in the area of bankruptcy law practice" shall, subject to paragraph 8 below, include any activity in which Abujbarah provides counsel or legal advice to potential or actual bankruptcy clients; solicits potential bankruptcy clients; collects or reviews information for the preparation of documents to be filed in any bankruptcy case; accepts or agrees to accept compensation or remuneration in any form including, but not limited to, cash, property, services or barter, for the purpose of giving legal advice or counsel or for the preparation or anticipated preparation of documents relating to any bankruptcy matter or any appearance in the United States Bankruptcy Court for the District of Arizona.

4. Abujbarah has entered into an agreement with the State Bar of Arizona providing that Abujbarah will be suspended from the practice of law for a period of two (2) years.

5. Abujbarah agrees that he shall not seek reinstatement with the State Bar of Arizona until the two year suspension with the State Bar is completed.

6. Abujbarah shall continue with the treatment program as advised by his treating physician or other treating medical professionals.

7. Abujbarah shall continue to participate in the State Bar of Arizona Member Assistance Program ["MAP"] for whatever services that the Director of the MAP program determines to be appropriate.

8. Nothing herein shall prohibit Abujbarah from working on bankruptcy cases as a paralegal under the direct supervision of an experienced bankruptcy attorney.

    A. The term "experienced bankruptcy attorney" shall mean an attorney who:

        a. is in good standing with the State Bar of Arizona; and

        b. has practiced bankruptcy law for at least five (5) continuous years or has provided representation to creditors and/or debtors in at least 100 bankruptcy cases in the District of Arizona; or

        c. is certified by the State Bar of Arizona as a bankruptcy law specialist;

9. Upon completion of the Suspension Period, and Abujbarah's reinstatement to the practice of law, Abujbarah shall be authorized to engage in bankruptcy law practice contingent upon the

following:

       A.     Abujbarah is in good standing with the State Bar of Arizona;

       B.     By the end of the Suspension Period, Abujbarah shall have obtained 20 continuing legal education credits in the area of bankruptcy law and 10 continuing legal education credits in the area of ethics if he chooses to re-engage in bankruptcy law practice;

       C.     In the event Abujbarah re-engages in bankruptcy law practice after the Suspension Period, Abujbarah shall limit his bankruptcy practice to chapter 7 cases for one year during which period Abujbarah shall not provide representation in chapter 13 or chapter 11 cases.

       D.     Abujbarah has verified to the United States Trustee that he has completed the continuing legal education required herein;

       E.     Full payment of the fine referenced in paragraph 15 herein is made .

10.     During the Suspension Period, Abujbarah shall file quarterly reports with the State Bar of Arizona and the United States Trustee disclosing his employer(s) for the quarter and describing his duties.

11.     During the Suspension Period, Abujbarah agrees not to place, or allow to be placed, and to cancel, where possible, any advertisement for his bankruptcy services including solicitations on the internet, radio or television and any written solicitations or communications contained or published in periodicals; newspapers, newsletters or magazines; fliers, hand-outs, or correspondence; pamphlets or brochures; and telephone directories, including the Yellow Pages or variations thereof.

12.     Completion of the conditions referenced herein means that neither the United States Trustee nor Edward J. Maney, chapter 13 trustee, oppose Abujbarah's re-entry into the practice of bankruptcy law; but does not mean that the United States Trustee or Edward J. Maney, chapter 13 trustee, certifies, attests or affirms that Abujbarah is competent to practice bankruptcy law.

13.     Upon entry of an Order approving this stipulation, but no later than 14 days thereafter, pursuant to Rule 72, Rules of Supreme Court, Abujbarah shall: 1) formally file notices of withdrawal from representation in all pending bankruptcy cases in conformity with local rules and; 2) inform all his clients in writing with pending bankruptcy cases that he has been suspended from the practice of law for a period of two years and that the clients should seek to retain other experienced counsel. The

letters shall further provide information for each bankruptcy client of the status of the case, including the dates and time of any court hearings or trial settings and the need to comply with any existing court orders, discovery requests and the possibility of sanctions for the failure to comply. Copies of such letters shall be provided to the United States Trustee.

14. Abujbarah shall seek no further fees from any of his existing bankruptcy clients in connection with any case existing prior to the date of the filing of this stipulation.

15. Abujbarah shall pay a fine to the United States Trustee in the amount of $25,000 which fine shall be paid in full prior to the end of the Suspension Period.

16. The fine referenced in paragraph 15 herein is acknowledged by Abujbarah to be a non-dischargable debt pursuant to either 11 U.S.C. § 523(a)(4) or § 523(a)(7).

17. Abujbarah shall fully cooperate with his now former bankruptcy clients and any attorneys retained by the said clients for representation in their bankruptcy cases.

18. Abujbarah admits to violations of Rule 9011, F.R.B.P., to wit: filing a false petition and other documents in the case of *In re White*, case no. 2-10-bk-07150-RTB.

19. Abujbarah admits to violations of the rules of professional responsibility, to wit: lacking necessary competence in representing bankruptcy clients.

20. Each party is to bear their own fees, expenses and costs associated with this adversary proceeding.

WHEREFORE, in resolution of the above captioned adversary proceeding, the parties hereto respectfully request the Court to enter an Order approving this stipulation upon the terms and conditions set forth herein.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

Richard J. Cuellar (Digitally signed by Richard J. Cuellar, DN: cn=Richard J. Cuellar, o=Department of Justice, ou=Office of United States Trustee, email=richard.j.cuellar@usdoj.gov, c=US, Date: 2011.06.15 14:04:36 -07'00')

RJC (#WI 01006631)
RICHARD J. CUELLAR
Attorney for Plaintiff

EDWARD J. MANEY
Chapter 13 trustee

Edward J. Maney, Esq. (Digitally signed by Edward J. Maney, Esq., DN: cn=Edward J. Maney, Esq., o=Edward J. Maney, Chapter 13 Trustee, ou, email=ejm@maney13trustee.com, c=US, Date: 2011.06.15 12:11:45 -07'00')

EDWARD J. MANEY
Chapter 13 trustee, pro se

4

Case 2:10-ap-00988-RTB  Doc 41  Filed 06/19/11  Entered 06/19/11 15:07:22  Desc
Main Document  Page 4 of 5

| | |
|---|---|
| 1  | NUA _____ |
| JJB #011393 | NASSER U. ABUJBARAH |
| 2 JAMES J. BELANGER | |
| Attorney for Nasser U. Abujbarah | |



5

Case 2:10-ap-00988-EPB    Doc 341    Filed 04/04/17    Entered 04/04/17 15:57:22    Desc
Case 2:10-ap-00988-RJB    Doc 241    Filed 06/19/11    Entered 06/19/11 15:07:26    Desc
Main Document    Page 6 of 6
Exhibit A    Page 5 of 5